Form 502 (CMB Form AP–2)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

| | | |
|---|---|---|
| **Sumanta Banerjee** | : | **Bankruptcy No.: 21–21306–CMB** |
| *Debtor(s)* | : | |
| | : | **Chapter: 7** |
| **Sadis & Goldberg, LLP** | : | |
| | : | **Adversary No.: 23–02012–CMB** |
| *Plaintiff(s),* | : | |
| | : | |
| v. | : | |
| **Sumanta Banerjee** | : | |
| | : | |
| *Defendant(s).* | : | |

## EARLY CONFERENCE CERTIFICATION AND STIPULATION

The parties to this proceeding submit the following Early Conference Certification and Stipulation and agree that, upon the Court's entry of order approving the terms set forth within, all undisputed terms shall govern pretrial proceedings unless altered by the Court.[1]

**Directions:** The Early Conference Certification and Stipulation is to be completed in its entirety and signed by all counsel or unrepresented parties to the within matter. Only one Early Conference Certification and Stipulation is to be submitted per case and shall be filed by the Plaintiff(s) within seven (7) days of the date of the Early Conference of Parties. If the parties cannot agree on any of the following issues, the parties are directed to identify the objecting parties and set forth the basis for said parties' disagreement.[2] A date for the First Pretrial Conference shall be assigned by the Court upon the filing of this completed form. The Court will address any disputed terms at the First Pre–Trial Conference. Unless amended by the Court, all undisputed terms shall govern pretrial proceedings. Failure to comply with the undisputed terms may result in the imposition of sanctions, monetary and non–monetary, including, without limitation, entry of an order denying the admission of exhibits, testimony of witnesses, or other appropriate sanctions where noncompliance has caused undue delay, expense and/or prejudice. In the event that this matter involves more than two parties, or separate counsel has been retained to represent co–plaintiffs or co–defendants, etc., add additional lines where necessary throughout this document.

---

[1] The Court will independently review the terms of this document set by the parties and may shorten or extend the proposed deadlines, with or without prior notice.

[2] If sufficient space is not available under any section herein to set forth all matters, attach a supplemental paper. This document is also available in Word format on the Court's website under Judge Carlota Böhm's Forms.

I. <u>Early Conference of Parties:</u> Judge Böhm requires that the Early Conference of Parties occur no later than thirty (30) days from the Answer deadline. Answers to the Complaint in this matter were due on ___3/20/2023_____. The parties to this case conferred on __      4/19/2023  .

II. <u>Jurisdiction</u>
    a. ___✓___ This is a core matter, in its entirety, on which the bankruptcy court will enter final judgment.

    b. _____ This is a non–core matter, in its entirety, and the parties hereby state that the bankruptcy court
        i. ___ has their consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

        ii. ___ does not have their consent to enter final judgment. (See Note regarding briefing requirement below)

    c. _____ The parties cannot agree as to whether this is a core or non–core matter. (See Note regarding briefing requirement below)

    d. _____ This adversary proceeding embraces core and non–core matters as follows:

        i. As to those matters that are either stipulated non–core or the parties are in disagreement as being non–core, the bankruptcy court
            1. ___ has the parties' consent to enter final judgment, and this express consent eliminates any need for consideration of any issues that might otherwise be raised by the decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).
            2. ___ does not have the parties' consent to enter final judgment. (See Note regarding briefing requirement below)

**Note:** If the parties do not consent to entry of final judgment by this Court on the basis that all or some matters are non–core, the parties shall submit memoranda addressing those issues no later than fourteen (14) days prior to the First Pre–Trial Conference. Thereafter, the Court will rule on the core/non–core character of claims.

III. <u>Settlement and Mediation</u>

    a. <u>Settlement</u>
        i. Counsel for Plaintiff(s) hereby certifies that settlement has been discussed with the Plaintiff(s): _____*B Hethrier*_____ (Written or electronic signature)

        ii. Counsel for Defendant(s) hereby certifies that settlement has been discussed with the Defendant(s): _____/s/ John Lacher_____ (Written or electronic signature)

        iii. The status of settlement efforts is as follows: The parties remain very far apart.

    b. Mediation
        i. Counsel for Plaintiff(s) hereby certifies that mediation has been discussed with the Plaintiff(s): _____*B Hartman*_____ (Written or electronic signature)

        ii. Counsel for Defendant(s) hereby certifies that mediation has been discussed with the Defendant(s): _____/s/ John Lacher_____ (Written or electronic signature)

        iii. This matter _____ ~~has~~/_____ has not been formally mediated.
        iv. The parties _____ are/ _____ are ~~not~~ seeking mediation at this time.

IV. Discovery
    a. Disclosures (select one)

        i. ___ *Default Schedule*: The parties shall make the initial disclosures in accordance with the provisions of *Fed.R.Bankr.P.7026*.

        ii. ✓ The parties agree to amend the default schedule for disclosures as follows:

    b. Discovery shall be initiated sufficiently in advance of the deadline so as to be timely completed by the deadline. Unless otherwise ordered by the Court, the total number of written interrogatories submitted by a party shall not exceed thirty (30) questions, including subparts. In accordance with *Fed.R.Bankr.P. 7005*, the depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers and responses thereto are not to be filed unless pursuant to an Order of Court or for use in a proceeding in this case.

    Select one:
    __✓__ The parties have agreed on the discovery plan as set forth below.
    _____ The parties have not agreed on the following discovery plan. The parties have set forth their disagreements and reasons for each party's position.

The parties jointly propose to the court the following discovery plan: (Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree.)

        i. All discovery shall be completed by __08/11/2023__.

        ~~ii. *If applicable*, Discovery on _____ (issue for early discovery) to be completed by _____.~~

        iii. Maximum of __10__ interrogatories by each party to any other party. Responses are due __30__ days after service.

        ~~iv. Maximum of _____ requests for admission(s) by each party to any other party. Responses due _____ days after service.~~

        v. Maximum of __2__ depositions by plaintiff(s) and __2__ by defendant(s).

      1. Each deposition is limited to a maximum of __7__ hours unless extended by agreement of parties.
      2. Exceptions, if applicable: _____N/A_____

    vi. Reports from retained experts under *Fed.R.Bankr.P.7026(a)(2)* due:
      1. From Plaintiff(s) by ___N/A___
      2. From Defendant(s) by ___N/A___

    vii. Supplementations under *Fed.R.Bankr.P.7026(e)* due (time(s) or interval(s)) ___9/11/2023___.

V. <u>Miscellaneous Issues.</u> ( Reminder: Use separate paragraphs or subparagraphs as necessary if parties disagree)

    a. Plaintiff(s) shall be allowed until ___9/11/2023___ to join additional parties and until ___9/11/2023___ to amend the pleadings.

    b. Defendant(s) shall be allowed until ___9/11/2023___ to join additional parties and until ___9/11/2023___ to amend the pleadings.

    c. Does either party anticipate joining an additional party: _✓_ yes/____ no

    d. Does either party anticipate amending a pleading(s): _✓_ yes/____ no

    e. All potentially dispositive motions, including motions for summary judgment, should be filed by ___10/11/2023___.

    f. Does either party anticipate filing dispositive motions: _✓_ yes/____ no

VI. <u>Trial.</u> (The Court recognizes that the estimates below concerning time, witnesses, and exhibits may change as the case proceeds.)

    a. The Plaintiff(s) anticipates to be ready for trial by ___12/1/2023___.

    b. The Defendant(s) anticipates to be ready for trial by ___12/1/2023___.

    c. Estimation of time required to present each party's side of the case at trial including rebuttal stage, if applicable.
      i. Plaintiff(s): ___3___
      ii. Defendant(s): ___2___

    d. Estimation of number of witnesses each party will present at trial including opposing parties, if applicable.
      i. Plaintiff(s): ___4___
      ii. Defendant(s): ___4___

    e. Estimation of number of exhibits each party will present at trial, including opposing parties' exhibits, if applicable.
      i. Plaintiff(s): ___50___
      ii. Defendant(s): ___50___

  f. <u>Demand for Jury Trial</u>
   i. __✓__ Neither party seeks a jury trial
   ii. _____ The Plaintiff(s) demands a jury trial
   iii. _____ The Defendant(s) demands a jury trial.
   iv. The parties ___ agree ___ disagree re: jury entitlement. <u>Note:</u> Disagreements re: jury entitlement will be addressed at the First Pretrial Conference and determined immediately thereafter, unless the parties convince the Court that the issue should be resolved earlier.
   v. If a jury trial is warranted, the parties ___ consent ___ do not consent to jury trial in the bankruptcy court.

VII. <u>Statement of Legal Issues</u>

 See Attachment

VIII. <u>Concise Statement of Factual Issues (50 Words or Less)</u>

 See Attachment

IX. <u>Stipulation:</u> The parties, through counsel, shall engage in a good faith effort to stipulate to all facts and legal issues as to which there is no actual dispute. To the extent that the parties can agree at this time, the following facts are stipulated.

 See Attachment

X. <u>Additional Comments of Parties:</u>

 None

Dated __4/26/2023__ by __Ben Hutman__, counsel for the Plaintiff(s), __Sadis & Goldberg, LLP__

Dated  4/26/2023           by   John Lacher                              , counsel
for the Defendant(s),   Sumanta Banerjee

## VII. STATEMENT OF LEGAL ISSUES

1. Whether Creditors' Judgment against Debtor is not dischargeable under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §1328(a) as "money … obtained by … actual fraud."

2. Whether Creditors' Judgment against Debtor is not dischargeable under 11 U.S.C. §727(a)(4)(A) & (B).

3. Whether Creditors' Judgment against Debtor is not dischargeable under 11 U.S.C. §727(a)(3).

4. Whether any material foreign or domestic assets were not disclosed in Debtor's petition.

5. Whether material assets which were not disclosed in Debtor's petition are protected by any discharge.

## VIII. CONCISE STATEMENT OF FACTUAL ISSUES

1. Whether Sumanta Banerjee still owed Sadis & Goldberg, LLP unpaid legal fees in 2013.

2. Whether Mr. Banerjee transferred $539,956 to his wife in 2013 and 2014 and she further transferred funds into other entities.

3. Whether Mr. Banerjee made material misrepresentations in his petition, §341 meeting, or §2004 examination.

## IX. STIPULATION OF UNDISPUTED FACTS

1. Sadis & Goldberg, LLP provided legal services to Sumanta Banerjee from March 2008 until June 2009.

2. On October 18, 2013, Sadis filed a summons and complaint against Mr. Banerjee in the Southern District of New York ("SDNY") under Docket Number 13-cv-7355, seeking to collect unpaid legal fees in the alleged amount of $379,652.37 owed, plus contractual interest at a rate of 1% a month (the "Original Debt").

3. Sadis later re-filed the action under Docket Number 14-cv-00913 on February 13, 2014 (the "SDNY Action").

4. In 2013 and 2014, Mr. Banerjee endorsed two checks—for $108,346 and $431,610 respectively—over to his wife. Sadis asserts that it discovered this fact in 2019.

5. On December 31, 2019, Sadis filed an action in the United States District Court for the Western District of Pennsylvania claiming that these check endorsements

were fraudulent transfers and seeking recovery of the $539,956.00 against both Mr. and Mrs. Banerjee under Pennsylvania and New York law at Civil Action No. 2:19-CV-01682 (the "WDPA Action").

6. The Banerjees failed to respond to the complaint, and, on February 20, 2020, Sadis obtained a default judgment against the Banerjees for $539,956.00 plus costs (the "Judgment").

7. On July 15, 2020, the Banerjees filed a Motion to Set Aside the Default.

8. On July 28, 2020, the Honorable Judge Arthur Schwab denied the Banerjees' Motion to Set Aside the Default.

9. On August 20, 2020, the Banerjees appealed the default Judgment.

10. In or around May 2014, Mrs. Banerjee formed SSA Capital Advisors, LLC ("SSA Capital"), a Delaware limited liability company. Sadis asserts that it discovered this fact in discovery in the SDNY Action.

11. The Banerjees had also created a trust called the SASB Irrevocable Trust Dated June 14th, 2014 (the "SASB Trust"). Mrs. Banerjee's father, Dr. Anant J. Gandhi ("Gandhi") was appointed as the Trustee.

12. On January 8, 2021, in an effort to enforce the Judgment and collect on the debt, Sadis filed a motion in the WDPA Action to impose a constructive trust on money flowing from SSA Capital to the Banerjees or to the SASB Trust for the benefit of the Banerjees (the "Enforcement Motion").

13. In opposing the Enforcement Motion, Mrs. Banerjee filed documents showing that she had transferred SSA Capital into the SASB Trust.

14. On February 9, 2021, Judge Schwab granted the Enforcement Motion (the "Enforcement Order").

15. On February 12, 2021, Sadis served a copy of the Enforcement Order on Gandhi as the Trustee of the SASB Trust.

16. On February 23, 2021, counsel for SSA Capital and the SASB Trust responded with a letter arguing that the Enforcement Order placed no restrictions on Gandhi's conduct in administering the SASB Trust because he was not a defendant in the WDPA Action and the SASB Trust was not under the WDPA's jurisdiction.

17. On March 8, 2021, the Banerjees appealed the Enforcement Order.

18. On July 22, 2021, Sadis filed a new action, Docket Number 21-cv-00961-AJS, against the SASB Trust, Gandhi, and Mrs. Banerjee ("WDPA Action II") alleging

    and seeking to recover a fraudulent transfer from Mrs. Banerjee to the SASB Trust and any subsequent transfer from the SASB Trust elsewhere.

19. On August 4, 2021, Judge Schwab entered a temporary restraining order enjoining the SASB Trust from further transferring or dissipating assets. But before a preliminary injunction hearing could take place, Mrs. Banerjee filed her original petition for bankruptcy and Judge Schwab stayed the new action.

20. The Third Circuit has stayed the Banerjees' appeal of the Judgment and the Enforcement Order. No payments have been made by the Banerjees on the Judgement or from any other entity through the Enforcement Order.